■ SADIE ZOGBY, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 39904.) — Judgment unanimously reversed on the law and facts and a new trial granted, without costs of these appeals to either party. Memorandum: A condemnation proceeding for arterial highway construction in Onondaga County resulted in an award of $20,000 for 13.393 acres of claimant's unimproved farm land situated in a residential zone. There is absent in this record the usual indicia of value and, therefore, we cannot determine the fair market value of the parcel with any degree of accuracy or certainty. The record shows neither assessed valuation which, it is true, is significant only when the remaining proof in the record is very questionable

(*Matter of City of New York* [*Throgs Neck Expressway-Marshall*], 16 A D 2d 570, 572, revd. on other grounds 13 N Y 2d 700), nor the value of standing crops, or of profits (*Reisert* v. *City of New York*, 174 N. Y. 196; 19 N. Y. Jur., Eminent Domain, § 189, p. 429). With only three witnesses, the claimant and an expert for each party, the paucity of proof is only emphasized by the fact that the experts do not enlighten us with the bases for their conclusions. Each expert relied on comparables, which proof was excluded because of untimely notice (Court of Claims Act, § 16). There may be circumstances where expert testimony alone presents the only practicable criteria for evaluation. Even then, the basis for the expert's testimony must be indicated and, when possible, the valuation must be based on recognized methods of appraisal (*Wagner* v. *State of New York*, 25 A D 2d 814). There were comparables available here (although not admitted in evidence) and perhaps other criteria might have been utilized. In any event, there is no way by which we can determine whether the award is a reasonable expression of fair market value and for that reason alone, it may not stand (*Midcourt Bldrs. Corp.* v. *State of New York*, 24 A D 2d 532; *Yennock* v. *State of New York*, 23 A D 2d 809). The court's finding of potential industrial development as the best available use is questionable where there is no proof of imminence of change of zoning (*Masten* v. *State of New York*, 11 A D 2d 370, affd. 9 N Y 2d 796). On the issue of damages, it may be noted that the measure of damages in the case of land with particularly valuable assets is not determined by separately evaluating the valuable assets or by multiplying a price per unit by so many units. Evidence may be introduced that the land contains valuable assets, but the measure of compensation is the market value of the land as a whole, and not that of its enhancing components (*Berzal & Co.* v. *State of New York*, 8 A D 2d 886; *Matter of Huie*, 1 A D 2d 500; *Sparkill Realty Corp.* v. *State of New York*, 254 App. Div. 78, affd. 279 N. Y. 656; 1 Orgel Valuation under Eminent Domain [2d ed.], § 165, p. 672). (Appeal and cross appeal from judgment of Court of Claims in favor of claimant on a claim for permanent appropriation of realty.) Present — Williams, P. J., Bastow, Goldman, Del Vecchio and Marsh, JJ.